UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DONALD RENKOWIC                         CIVIL ACTION

    PLAINTIFF,                          NO,_____

                                     04 - 30202 - MAP

    Vs,

FRANKLIN COUNTY,

FRANKLIN COUNTY HOUSE OF CORRECTION AND

JAIL, SHERIFF FREDRICK MACDONALD,

SUPERINTENDENT BYRON, DEPUTY SUPERINDENTENT,

FRITZPATRICK, DEPUTY SUPERINDENTENT SHEPERD,Jr.

                                 DEFENDANTS.

<u>COMPLAINT</u>

<u>PARTIES</u>

1

1.) THE PLAINTIFF DONALD RENKOWIC IS A RESIDENT OF

   NORTHAMPTON, COUNTY  HAMPSHIRE, MASSACHUSETTS AND A

   CITIZEN OF THE UNITED STATES  PLAINTIFFS ADDRESS; 160 ELM

   STREET, GREENFIELD, MASS. 01301

2.) THE DEFENDANT, COUNTY OF FRANKLIN, GREENFIELD,   MASS

   01301

3.) THE DEFENDANT, FRANKLIN COUNTY HOUSE OF CORRECTION  AND

   JAIL IS A INSTITUTION OF GREENFIELD, COUNTY OF FRANKIN,

   MASSACHUSETTS. DEFENDANTS ADDRESS ; 160 ELM STREET ,

   GREENFIELD, MASS. 01301.

4.) THE DEFENDANT, SHERIFF FREDERICK MACDONALD IS A RESIDENT

   OF GREENFIELD, COUNTY OF FRANKLIN, MASSACHUSETTS AND A

   CITIZEN OF THE UNITED STATES. DEFENDANTS ADDRESS ; 160 ELM

   STREET, GREENFIELD ,MASS 01301.

  5.) THE DEFENDANT, SUPERINDENTENT BYRON IS A RESIDENT OF

   GREENFIELD ,MASS AND A UNITED STATES CITIZEN. THE

   DEFENDANT ADDRESS ; 160 ELM STREET  GREENFIELD , MASS 01301

  6.) THE DEFENDANT , DEPUTY SUPERINDENTENT , FRITZPATRICK IS

   A  RESIDENT OF GREENFIELD,MASS, AND A UNITED STATES

   CITIZEN THE DEFENDANTS ADDRESS ;160 ELM STREET

   .GREENFIELD MASS. 01301.

7,) THE DEFENDANT , DEPUTY SUPERINDENTENT, SHEPERD, Jr.

IS RESIDENT OF GREENFIELD, MASS. AND A UNITED STATES

CITIZEN THE DEFENDANTS ADDRESS ;160 ELM STREET ,

GREENFIELD MASS.01301.


## JURISDICTION


8.)  THIS COURT HAS JURISDICTION OVER THIS MATTER  PURSUANT 28

U.S.C. section 1332.


## FACTS


9.)  ON JUNE 11, 2004, THE PLAINTIFF DONALD RENKOWIC WAS

REMANDED TO THE FRANKLIN COUNTY HOUSE OF CORRECTION AND

JAIL FOR UNRELATED MATTERS

10.)  THE DEFENDANTS FRANKLIN COUNTY HOUSE OF  CORRECTION

AND JAIL, SHERIFF FREDERICK MACDONALD AND OTHERS ARE

REQUIRED BY FEDERAL AND STATE LAWS TO INSURE THE RIGHTS OF

PRISONERS ARE  FOLLOWED AND THAT ALL REGULATIONS OF

MASSACHUSETTS ARE ACTED UPON TO THE FULLEST EXTENT WHEN

DEALING WITH  PRISONERS RIGHTS.

3

11.) THE PLAINTIFF DONALD RENKOWIC HAS AND WAS DIENIED ACCESS
TO THE LAW LIBRARY AFTER HE HAS REQUESTED THE USE OF SUCH
LAW LIBRARY FROM JUNE 11, 2004, THROUGH JUNE 17,2004 WHILE
BEING CONFINED TO HIS CELL FOR ORIENTATION PROCESS THAT THE
FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL HAS ENACTED AS
THERE POLICY

12.) THE PLAINTIFF DONALD RENKOWIC WAS AND IS BEING DENIED
ACCESS TO THE COURTS BY THE FRANKLIN COUNTY HOUSE OF
CORRECTION AND JAIL, AND BY THE STAFF MEMBERS OF THE FACILITY
BY NOT HAVING OR ALLOWING THE PLAINTIFF LEGAL
MATERIALS TO ADDRESS THE COURTS FOR HIS CIVIL ACTIONS THAT
ARE BEING DONE AND OR THE CIVIL ACTIONS THAT ARE PENDING
WITHIN THE JUSTICE SYSTEM.

13.) THE DEFENDANTS HAVE BEEN DENYING THE PLAINTIFF ACCESS TO
THE COURTS BY NOT ALLOWING THE PLAINTIFFS MAIL ADDRESSED
TO THE HAMPSHIRE SUPERIOR COURT AND HIS ATTERNEY ALAN
RUBIN , ALSO THE UNITED STATES DISTRICT COURT IN SPRINGFIELD,
MASS. 01102 TO BE DELIVERED AND OR HAVE EMPEDED ITS
TRANSMISSION BY NOT EXCEPTING HIS MAIL FOR DELIVERYWITHIN
IN A 24 HOUR PERIOD.

14.) SINCE JULY 2004, THROUGH SEPTEMBER 2004 ,THE DEFENDANTS ARE
DENYING THE PLAINTIFF TO MAIL OUT LEGAL CORRESPONDENCE OF

ANY KIND BECAUSE THEY FEEL HE IS NOT INDIGENT BY THERE

STANDARDS, OR POLICIES THAT THEY HAVE ENACTED AT THIS

FACILITY AND THEY HAVE STATED THAT INDIGENT INMATE MAIL IS

TO BE SENT OUT ONCE A WEEK (THURSDAY NIGHTS ONLY ).

    NOW THE PLAINTIFF DONALD RENKOWIC HAS A FEDERAL

CONSTITUTIONAL RIGHT UNDER 42 U.S.C. section 1983 AND

THE PLAINTIFF DONALD RENKOWIC ALSO STATES THAT HE HAS

A FUNDAMENTAL CONSTITUTIONAL RIGHT OF ACCESS TO THE

COURTS PURSUANT TO FEDERAL AND STATE CASE LAWS SUCH

AS ; BOUNDS Vs, SMITH 430 U.S. 817 (1977), LEWIS Vs,CASEV 518

U.S. 343 (1995), CEPULONIS Vs. FAIR 563 F.SUPP.659,660(D,MASS

1983), AFFIRMED IN RELEVENT PART BY 732 F,2d 1 (1st CIR. 1984) ,

AND BY THE CODE OF MASSACHUSETTS REGULATIONS SUCH AS

103 C.M.R. 478.11 (STATES)(5)(a) THE INSTITUTION BY 103 C.M.R.

934.01 (COUNTY)(4); WRITTEN POLICY AND PROCEDURE

SHALL PROVIDE FOR A PROGRAM DESIGNED TO ASSIST INMATES

IN THE PREPARATION AND FILING OF LEGAL PAPERS.


15..) THE FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL HAS

HIRED AN OUTSIDE ATTORNEY SEAN O'SULLIVAN TO HELP ASSIST

INMATES WITH THERE CASES HOWEVER, ATTORNEY O'SULLIVAN

    CAN NOT AND WILL NOT HELP ASSIST INMATES IN ANY CIVIL

MATTERS AGAINST THE JAIL OR ANYONE ELSE DUE TO LEGAL
CONCERNS AND HIS CONTRACT OBLIGATIONS WITH THE FRANKLIN
COUNTY HOUSE OF CORRECTION AND JAIL, SHERIFF MACDONALD.


16,.)  THE PLAINTIFF DONALD RENKOWIC IS BEING DENIED A
      SANITARY AND SAFE ENVIRONMENT WHICH IS A BASIC
      HUMAN NEED THAT AN INSTITUTION MUST PROVIDE FOR
      ALL INMATES (PRISONERS).

      THE PLAINTIFF DONALD RENKOWIC STATES THAT A
SANITARY AN SAFE ENVIRONMENT IS A BASIC HUMAN NEED THAT
AN INSTITUTION MUST PROVIDE FOR ALL INMATES SEE TOUSSAINT
Vs. McMARTY 597 F.SUPP 1388, 1411 (N.D.CAL.1984) , THE DEFECTIVE
PLUMBING VIOLATES THE EIGHTH ADMENDMENT, IN JACKSON Vs.
DUCKSWORTH 955 F. 2d 21,22 (7th CIR 1992), CELLS FLOODED WITH
SEWAGE AND FOUL WATER WAS A 'CLEAR VIOLATION OF THE
EIGHTH ADMENDMENT THE PLUMBING HERE AT THE FRANKLIN
COUNTY HOUSE OF CORRECTION AND JAIL , 160 ELM STREET ,
GREENFIELD ,MASS. 01301 ARE IN SUCH DISREPAIR AS TO DEPRIVE
INMATES (PRISONERS) OF BASIC ELEMENTS OF HYGIENE AND
SERIOUSLY THREATENS THIER PHYSICAL AND MENTAL WELL
BEING. FUNCTIONING TIOLETS AND SHOWERS ARE  NECESSITIES
OF MODERN LIFE, PARTICULARLY WITHIN THE CONFINES OF A SELF

CONTAINED ENVIRONMENT SUCH AS A JAIL, SEE <u>INMATES</u>

<u>OCCOQUAN Vs. BARRY, 717 F. SUPP.854, 866 -867</u> ALSO <u>BAILA Vs.</u>

<u>BOARD OF CORRECTION, 656 F. SUPP 1108, 1118—1119 (D.</u>

<u>IDAHO 1987)</u> PRISON OFFICIALS CANNOT ESCAPE THIER DUTIES

OR  RESPONSIBILITIES OF MAINTAINING SANITATION BY BLAMING

THE  INMATES (PRISONERS) EITHER FOR CAUSING UNSANITARY

CONDITIONS OF FAILING TO CLEAN THEM UP. PRISON OFFICIALS

CAN USE INMATES  (PRISONERS) WORKERS WHO CONSENTUALLY

AGREE TO KEEP THE PRISON (JAIL,HOUSE OF CORRECTION)

 CLEAN, BUT IT IS STILL THIER RESPONSIBILITY TO PROVIDE

ADEQUATE SUPPLIES TO MAINTAIN FIXTURES AND EQUIPMENT

AND ORGANIZE CLEANING ACTIVITIES, SEE <u>HOPTOWIT  Vs.</u>

<u>SPELLMAN, 753  F, 2d AT 784, JOHNSON Vs. PELKER F. 2d 136, 139 (7</u>[th]

<u>CIR 1989)</u> COURTS HAVE ALSO REQUIRED PRISON OFFICIALS TO

PROVIDE WATER FOR WASHING CLEAN CLOTHING AND BEDDING,

AND TOILET ARTICLES SUCH AS; SOAP TOILET TISSUE, TOOTHBRUSH,

TOOTHPASTE, ON A JUST NEED OR AS NEEDED BASIS SEE <u>CARVER Vs</u>

<u>BUNCH 946 F, 2d 451,452(6</u>[th]<u> CIR 1991)</u>( DENIAL OF THOSE PERSONAL

ITEMS STATED CONSTITUTES AN EIGHTH ADMENDMENT CLAIM ) ,

<u>CHANDLER Vs. BAIRD, 926 F. 2d 1057, 1063 –1065(11</u>[th]<u> CIR 1991)</u>

CONFINMENT  WITHOUT TOILET PAPER, SOAP, AND TOOTHPASTE,

SUPPORTED AN EIGHTH ADMENDMENT CLAIM, <u>MASLONE Vs</u>

COLYER 710 F.2d 258,262 (6th CIR 1983) ( DEPRIVATION OF TOILET ARTICLES  STATES A CLAIM ) , KIMBOROUGH Vs. ONIEL, 523 F. 2d 1057, 1059 (7th CIR 1973)(DEPRIVATION OF SOAP AND TOILET PAPER ON A NEEDED BASIS WAS UNCONSTITUTIONAL) DELIBERATE DENIAL OF TOILET PAPER AND SOAP FOR  ANY EXTENDED PERIOD WOULD VIOLATE THE EIGHTH ADMENDMENT SEE CARVER Vs KNOX COUNTY, TENN. 753 F. SUPP. AT 1370, 1389, DIVERS Vs  DEPARTMENT OF CORRECTIONS 921 F, 2d 191,194 (8thCIR 1990), HUDSON  Vs McMILLIAN 112 S.Ct. 995,1000 (1992), RHODES Vs. CHAPMAN 452 U.S. 337, 34 FAILURE TO PROVIDE SOAP, RAZERS, COMBS, TOOTHPASTE, TOILET PAPER, ACCESS TO MIRROR, AND SANITARY NAPKINS VIOLATED THE CONSTITUTION, SEE BIRD Vs. FIGEL 725 F, SUPP 406 (N.D. IND.1986), DAWSON Vs. KENDRICK 527 F. SUPP AT 1288; HEITMAN Vs. GABRIEL 524 F. SUPP 622 628 (W.O.M.O.1981), YOUNG Vs. QUINLAN 960 F.2d 357(3rd CIR 1992), LEWIS Vs. LANE 816 F.2d 1165 (7th CIR 1987), HARDWICK Vs. AULT 447 F. SUPP 116 (M.D. Ga.1987) JACKSON Vs DUCKSWORTH 995 F.2d 21 (7th CIR 1992), HELLING  Vs McKINNEY 111 S.Ct. 2475 (1993), KAHANE Vs CARLSON 527 F. 2d 492 (2d CIR  1975).

17..) THE PLAINTIFF DONALD RENKOWIC HAS FILED SEVERAL GRIEVANCES CONCERNING THE MATTERS OF LAW LIBRARY, UNSANITARY LIVIING CONDITIONS, AND OTHER GRIEVANCES ON

OTHER MATTERS INCLUDING SEVERAL REQUEST FORMS ON THE
SAME MATTERS.

THEREFORE THESE CONDITIONS ARE BLANANTLY OBVIOUS
AND THE FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL,
SHERIFF FREDRICK MACDONALD, INCLUDING THE STAFF MEMBERS
OF THE FACILITY HAVE BEEN NOTIFIED OF THESE CONDITIONS, IF
THE FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL,
SHERIFF MACDONALD, STAFF MEMBERS FAIL TO REMEDY THESE
UNLAWFUL CONDITIONS THAT THEY KNOW ABOUT OR IF THEY
OTHERWISE FAIL TO CARRY OUT THIER DUTIES OR RESPONSIBILITIES
TO PROVIDE ADEQUATE CARE CITY OR COUNTY GOVERNMENT
MAYBE HELD LIABLE ON A SIMILAR BASIS THE CONSTITUTION
REQUIRES PRISON AND JAIL OFFICIALS TO PROVIDE REASONABLE
SAFETY FOR PRISONERS. THEY MUST PROTECT THEM FROM ASSUALT
BY OTHER INMATES AND FROM UNREASONABLE HAZARDOUS LIVING
CONDITIONS SUCH AS HAVING SECONDARY FIRE EXITS, FIRE HOSES,
EVACUATION SIGNS AND EXITS SIGNS, FIRE EXTINGUISHERS,
SRINKLER SYSTEMS FOR INMATE CELLS AND IN HOUSING AREAS,
AND SURVEILANCE CAMERAS IN HOUSING AREAS AND OTHER AREAS
WHEN THERE IS MORE THEN 50 INMATES OR PRISONERS HOUSED IN
ONE UNIT, EVEN IF PRISON OFFICIAL DONT KNOW ABOUT THE RISK
TO A PARTICULAR PRISONER THEY CAN BE HELD LIABLE FOR

POLICIES OR CONDITIONS THAT ARE DANGEROUS TO ALL PRISONERS OR TO AN IDENTIFIABLE GROUP OF PRISONERS OR BY SYSTEMATIC DEFICIENCIES IN STAFFING FACILITIES OR PROCEDURES (THAT) MAKE SUFFERING INEVITABLE. STATUES AND REGULATIONS OR EVEN INTERNAL RULES GOVERNING JAIL OR PRISON OPERATIONS MAY HELP ESTABLISH EXACTLY WHAT ORDINARY CARE REQUIRES A PARTICULAR PROCEDURE. THE FAILURE TO FOLLOW IT  MAYBE CONSIDERED NEGLIGENCE

18.) WHEREFORE THE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANTS FOR DAMAGES AND SUCH OTHER RELIEF AS THIS COURT DEEMS JUST.

19.) THE PLAINTIFF DONALD RENKOWIC REQUESTS TRIAL BY JURY

20. ) THE PLAINTIFF DEMANDS A TRIAL BY JURY.


DATE **9-28-04**

RESPECTFULLY SUBMITTED,

DONALD RENKOWIC, PRO SE

160 ELM STREET

GREENFIELD, MASS. 01301

10

To: Attorney General Office - Tom Reilly,
  Franklin County House of Correction and Jail,
  Sheriff Frederick MacDonald, ET, Al.

       I wish to inform all the above parties
That I intend to start civil legal actions
against them either by individually or in
there official capacity for violations against
me while I was incarcerated at the Franklin
County House of Correction and Jail such
violations consist of unsanitary living
conditions, Health Care, Medical Treatment,
Grievance Procedures, Disciplinary Procedures,
The Taking of Court Documents from my possession,
Personal Property and any other Requirements
That I am entitled to and those that are under
or prescribed by the State and Federal Laws,
Statues, also by the Code of Massachusetts
Regulations
       Therefore: you may take this as my Letter of
Presentment or Letter of Intent as Prescribed
by or under Massachusetts General Law chapter 258,
ET. SEQ.
       Thank you for your attention to these matters
and I await your Immediant Reply
                              Truly Yours,
DATE: 7-24-04              Donald Benkowic Pro Se
                          160 Elm St.
                          Greenfield, Mass 01301



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

August 24, 2004

Frederick B. Macdonald, Sheriff
Franklin Sheriff's Department
160 Elm Street
Greenfield, Massachusetts   01301

Re:   **Claim of:**              Donald Renkowic
      **Presentment Letter Dated:**   July 24, 2004
      **Date Of Incident:**        August 23, 2004

Dear Sheriff Macdonald:

I am enclosing the presentment letter referenced above which we received in this Office on July 28, 2004.

Would you please investigate this claim and notice this Office of the results in accordance with the Attorney General's Presentment Procedures for Agencies of the Commonwealth. (June 30, 2001). Thank you for your cooperation in this matter.

Sincerely,

Susan Gaeta
Susan Gaeta
Presentment Coordinator
(617) 727-2200 x 3343

Enclosures
cc:   Donald Renkowic

## CERTIFICATE OF SERVICE

I, *Donald Renkowic*, PRO SE, HEREBY CERTIFY THAT ON THIS _28_ DAY OF _September_ 2004, I HAVE SERVED THE FOREGOING DOCUMENTS BY MAILING FIRST CLASS, POSTAGE PREPAID, A TRUE COPY OF SAME TO THE DEFENDANTS, AND THEIR ATTORNEY, AT THE FOLLOWING ADDRESSES ;


DONALD RENKOWIC, PRO SE