UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO: 04-30202

DONALD RENKOWIC,

        Plaintiff

v.

FRANKLIN COUNTY,
FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL,
SHERIFF FREDERICK MACDONALD,
SUPERINTENDENT BYRON,
DEPUTY SUPERINTENDENT SHEPERD,
DEPUTY SUPERINTENDENT FRITZPATRICK,

        Defendants

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

NOW COMES the Franklin County Regional Council of Governments, Franklin County and County Commissioners by and through its attorney, Donna L. MacNicol, and submits the following Memorandum of Law in support of the Motion to Dismiss.

**Introduction**

Franklin Regional Council of Governments (hereinafter "**FRCOG**"), is an entity which serves the Franklin County regional community. The Plaintiff, Donald Renkowic has served the Complaint in this action upon the FRCOG, the County Commissioners, and Franklin County even though it is only Franklin County named in the suit. Franklin County and the office of County Commissioners was abolished by Chapter 151 of the Acts of 1996, section 567 (attached hereto as Exhibit "**A**".) Furthermore by this Act, the FRCOG was created but relieved of any responsibility for the affairs of the Franklin County House of Correction and Jail.

**Facts**

Plaintiff Donald Renkowic alleges violation of his rights at the Franklin County House of Corrections in June of 2004. He has brought this Complaint against Franklin County, et als, concerning matters he alleged occurred at the Franklin County House of Correction and Jail on June 11, 2004.

Plaintiff caused his Complaint to be served on the Franklin Regional Council of Governments and the County Commissioners.

On July 1, 1996, the Franklin County Regional Council of Governments was established as a result of the abolishment of the county government of Franklin County on July 1, 1997 by Chapter 151 of the Acts of 1996, section 567, paragraph B. Furthermore this act abolished the office of County Commissioners. Chapter 151 of the Acts of 1996, section 567, paragraph H.

As of June 30, 1997, all valid liabilities and debts of Franklin County pertaining to the Franklin County House of Correction and Jail became the obligations of the Commonwealth of Massachusetts. Chapter 151 of the Acts of 1996, section 567, paragraph C.

As of June 30, 1997, the Sheriff of Franklin County became an employee of the Commonwealth of Massachusetts. Chapter 151 of the Acts of 1996, section 567, paragraph J.

The Plaintiff has improperly named Franklin County as a Defendant in the original complaint, which is now non-existent as a governmental entity. He has served Franklin Regional Council of Governments, a governmental entity not responsible for the County Jail or the Sheriff. He has served the County Commissioners, an office that no longer exists.

**Argument**

The Defendants must prove beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would make Franklin County, the County Commissioners or the Franklin Regional Council of Governments liable in this matter to be entitled to a grant of this Motion to

Dismiss. Morais v. City of Lowell, 50 Mass. App. Ct. 540 (2000). The Defendant, Franklin County and served entity FRCOG and County Commissioners can meet this burden.

In order for Plaintiff to include the FRCOG, among the other defendants cited in the above-captioned lawsuit, the Plaintiff must prove that the FRCOG has a duty and responsibility to the demands of incarcerated inmates at the Franklin County House of Correction and Jail in 2004, which is the primary basis of the Plaintiff's complaint. Furthermore, Plaintiff must prove that Franklin County and the County Commissioners are legal entities and officers, respectively, capable of being sued. Plaintiff cannot prove this.

Chapter 151 of the Acts of 1996, section 567, paragraph B states "Notwithstanding the provisions of any general or special law to the contrary, pursuant to this section, the county government of Franklin County is hereby abolished, as of July first, nineteen hundred and ninety-seven." Franklin County had been abolished well before Plaintiff's cause of action arose in June of 2004. Plaintiff cannot state a cause of action against Franklin County under any set of facts, nor is Franklin County a proper party to this lawsuit.

And while the statute created the Franklin Regional Council of Governments, Chapter 151 of the Acts of 1996, section 567, paragraph A states in part that as of July 1, 1997, "... all functions, duties and responsibilities for operation and management of the jail, house of corrections, and registry of deeds of Franklin County and all duties and responsibilities for operation and management of property occupied by the courts in Franklin County are hereby transferred to the commonwealth, subject to the provisions of this section."

Chapter 151 of the Acts of 1996, section 567, paragraph L states: "Notwithstanding any general or special law to the contrary, effective July first, nineteen hundred and ninety-seven, the commonwealth shall assume all financial control and responsibility over the Franklin County registry of deeds, Franklin County jail and house of corrections and Franklin County courthouse operations.

Since the responsibility for the Franklin County House of Correction and Jail was transferred to the Commonwealth of Massachusetts as of July 1, 1997, and because Plaintiff's complaint is based on alleged incidents occurring on June 11, 2004, well after this date, Plaintiff has failed to state a claim upon which relief can be granted pursuant to Mass R. Civ. P. 12(b)(6) that would place liability on the Franklin Regional Council of Governments.

The office of County Commissioner was abolished by the act as well in paragraph H. Therefore, because that office has not existed since July 1, 1997, the Plaintiff cannot sue this office for acts that occurred in June, 2004.

Plaintiff has improperly named the Defendants as well, pursuant to Mass R. Civ. P., 12(b)(8), "misnomer of party" for the reasons stated above.

**Conclusion**

Therefore, since the duties and responsibilities of the Franklin County House of Correction and Jail lie with Commonwealth of Massachusetts as of July 1, 1997; since the county government of Franklin County and office of county commissioners was abolished as of June 30, 1996; and the Franklin Regional Council of Governments has no authority, responsibility, dealings or affairs over the operation of the Franklin County House of Correction and Jail, Plaintiff's Complaint as to these parties should be dismissed.

Defendants therefore, respectfully request, that this Honorable Court, for the reasons stated above, dismiss this action against the Franklin Regional Council of Governments, Franklin County and the County Commissioners with prejudice.

Respectfully submitted,
The Defendants
Franklin County
County Commissioners
Franklin Regional Council of Governments

By *[signature]*

Donna L. MacNicol, Esq.
MacNicol, Tombs & Brown, LLP
P.O. Box 985
Greenfield, MA 01302-0985
Tel: (413) 772-8600
BBO# 312230

Dated: December 8, 2004

### CERTIFICATE OF SERVICE

I, Donna L. MacNicol, attorney for the Franklin Regional County of Governments, hereby certify that I have this day served the foregoing Memorandum of Law in Support of Motion to Dismiss upon the Plaintiff herein by mailing a copy of same, first-class, postage prepaid to the Plaintiff at 160 Elm Street, Greenfield, MA, 01301.

Date: December 8, 2004

*[signature]*
Donna L. MacNicol

Case 3:04-cv-30202-MAP    Document 12    Filed 12/09/2004    Page 6 of 15



EXHIBIT A

# Franklin Regional Council of Governments

# Enabling Act

151 Acts 96, Section 567, As Amended.

1

FRANKLIN COUNCIL OF GOVERNMENTS ENABLING ACT
151 Acts 96, Section 567, As Amended.

July 1996

SECTION 567. (A) Notwithstanding the provisions of any general or special law to the contrary, all functions, duties and responsibilities for operation and management of the jail, house of corrections, and registry of deeds of Franklin County and all duties and responsibilities for operation and management of property occupied by the courts in Franklin County are hereby transferred to the commonwealth, subject to the provisions of this section.

(B) Notwithstanding the provisions of any general or special law to the contrary, pursuant to this section, the county government of Franklin County is hereby abolished, as of July first, nineteen hundred and ninety-seven. Nothing in this section shall affect the existing county boundaries. All powers and duties of Franklin County under any existing regional services agreements or special acts are hereby transferred to the Franklin Council of Governments established pursuant to subsection (r).

(C) All valid liabilities and debts of Franklin County pertaining to the functions cited in subsection (a) which are in force on June thirtieth, nineteen hundred and ninety-seven, are henceforth obligations of the commonwealth, except as may be otherwise provided in this section.

(D) All valid leases and contracts of Franklin County pertaining to the functions cited in said subsection (a) which are in force on June thirtieth, nineteen hundred and ninety-seven, are henceforth obligations of the commonwealth and the commonwealth shall have authority to exercise all rights and enjoy all interests conferred upon the county by said leases and contracts except as may be otherwise provided in this section.

(E) Notwithstanding the provisions of any general or special law to the contrary, there is hereby transferred to the commonwealth all right, title and interest in real and personal property including without limitation, except as may be otherwise provided in this section, the Franklin County courthouse, the Franklin County registry of deeds, the Franklin County jail and house of corrections, and the land on which they are situated and the parking facilities, fixtures and improvements located thereon or associated therewith. Such transfer shall be subject to the provisions of chapter seven of the General Laws and the jurisdiction of the commissioner of the division of capital planning and operations, or his successor, as provided therein. Personal property of the offices and meeting rooms of the Franklin County commissioners shall become the property of the Franklin Council of Governments. The transfers under this subsection shall be effective and shall bind all persons, with or without notice, without any further action or documentation. The commissioner of the division of capital planning and operations, or his successor, may, from time to time, execute and record and file for registration with such registry of deeds or land court, a certificate confirming the commonwealth's ownership of any interest in the real property formerly held by Franklin County. Funds held in trust by the County of Franklin for specific

charitable or program purposes other than those pertaining to the court, jail or registry of deeds shall remain under the custody of the Franklin Council of Governments.

(F) Herlihy Park, so called, a parcel of fifteen acres, more or less, located in the town of Whately and under long term lease from the county by said town for use as a recreation area, shall be offered without consideration to the town upon dissolution of the county. If the town declines to take ownership of the property within one hundred eighty days of the offer, the commonwealth shall take possession of said property without abrogation of the lease to the town of Whately.

(G) The Franklin Council of Governments may occupy, without consideration, such space as is under control of the Franklin County commissioners in the Franklin County courthouse as of June thirtieth, nineteen hundred and ninety-seven, or its equivalent, including common use of parking. Not later than February first, nineteen hundred and ninety-eight, the Franklin Council of Governments Committee, the commissioner of the division of capital planning and operations, and the chief justice for administration and management of the trial court shall jointly recommend to the house and senate committees on ways and means alternative methods for providing suitable quarters for the Franklin Council of Governments, including fair compensation for moving expenses.

(H) Notwithstanding any general or special law to the contrary, the county commissioners of Franklin County shall on July first, nineteen hundred and ninety-seven, become known as the Franklin Council of Governments Committee and each member may serve until the end of the current term as if a county commissioner and until a successor committee member is elected. Said committee shall be the chief executive officer of the Council of Governments and shall have the powers of selectmen under sections fifty-two and fifty-six of the chapter forty-one of the General Laws. Two members of the Franklin Council of Governments Committee shall be chosen by the voters of Franklin County at the biennial state election in the year two thousand, and in every fourth year thereafter, and one committee member shall be so chosen at the biennial state election in the year nineteen hundred and ninety-eight, and in every fourth year thereafter, and in addition at each biennial state election such number of members of the committee will be so chosen as may be required to fill vacancies. No more than one of the committee members shall be chosen from the same city or town. If two persons residing in the same city or town shall appear to be chosen to said offices, only the person receiving the larger number of votes shall have been declared elected; but if they shall receive an equal number of votes, neither person shall be declared elected. If a person residing in a city or town where a committee member who is to remain in office also resides, shall appear to have been chosen, he shall not be declared elected. If the person is not declared elected by reason of the above provisions, the person receiving the next highest number of votes for the office, and who resides in another city or town, shall be declared elected.

(I) Notwithstanding any special or General Law to the contrary, the Franklin County register of deeds in office June thirtieth, nineteen hundred and ninety-

seven shall become an employee of the commonwealth under the secretary of the commonwealth effective July first, nineteen hundred ninety-seven. The register shall remain an elected official retaining local administrative control under the general direction of the state secretary. The salary of such register shall be set at a sum equivalent to sixty percent of the salary of an associate justice of the land court. The operation of the registry shall remain under the control of the register as provided by law. The budget of the registry shall be determined by the secretary of the commonwealth, subject to appropriation by the general court; the register shall appoint employees and subordinates subject to the approval of the secretary. The secretary of the commonwealth shall have the authority, if he determines after consultation with the register that a pattern of conduct, standard, practice or procedure of the registry is contrary to law, to order such official to comply with the law.

(J) Notwithstanding any general or special law to the contrary, the sheriff of Franklin County in office June thirtieth, nineteen hundred and ninety-seven, shall become an employee of the commonwealth under the secretary of public safety effective July first, nineteen hundred and ninety-seven. The sheriff shall remain an elected official retaining local administrative control under the general direction of the executive office of public safety. The salary of such sheriff shall be set at a level equivalent to the salary of the superintendent of a comparable state corrections facility, to be determined through a classification study conducted by the state personnel administrator.

(K) Notwithstanding any general or special law to the contrary, the Franklin County Treasurer, appointed by the county commissioners under chapter twelve of the acts of nineteen hundred ninety-five, shall on July first, nineteen hundred and ninety-seven, become known as the director of finance for the Franklin Council of Governments. The director of finance shall be appointed by the Franklin Council of Governments Committee. The director of finance shall have the powers and duties of a municipal treasurer under section thrity-five of chapter forty-one and under sections fifty-four, fifty-five, and fifty-five A of chapter forty-four of the General Laws. The director may also incur temporary debt in anticipation of revenue for a term not to exceed one year, with the approval of a majority of the Franklin Council of Governments Committee. Such temporary debt shall not exceed one half of the amount of the Council of Governments assessment under subsection (v). Sections sixteen to nineteen, inclusive, and sections twenty-one to twenty-two C, inclusive, of chapter forty-four of the General Laws shall, so far as apt, apply to debt issued under this subsection. The director of finance shall serve in the same capacity as the county treasurer with respect to the retirement system.

(L) Notwithstanding any general or special law to the contrary, effective July first, nineteen hundred and ninety-seven, the commonwealth shall assume all financial control and responsibility over the Franklin County registry of deeds, Franklin County jail and house of corrections and Franklin County courthouse operations.

(M) All revenues collected from the operation of the functions cited in subsection (a) shall become revenues of the commonwealth on and after the effective date of this section, subject to the provisions of this section. All revenues

collected from the operation of the functions cited in said subsection (a) before the effective date of this section which have not been expended or encumbered on or before June thirtieth, nineteen hundred and ninety-seven, shall be transferred to the commonwealth, subject to the provisions of this section. Deeds excise taxes shall be included as revenue collected for the operation of the functions cited in subsection (a).

(N) Notwithstanding the provisions of any general or special law or rule or regulation to the contrary, the Franklin County sheriff, all deputies, jailers, superintendents, keepers, officers, assistants, and other employees of the sheriff, employed on the effective date of this section in the discharge of their responsibilities set forth in section twenty-four of chapter thirty-seven and in section sixteen of chapter one hundred and twenty-six of the General Laws, transferred by this section to the commonwealth, shall be transferred with no impairment of employment rights held immediately before the effective date of this section, without interruption of service, without impairment of seniority, retirement or other rights of employees, without reduction in compensation or salary grade and without change in union representation. Any collective bargaining agreement in effect immediately before said effective date of the transfer shall continue in effect and the terms and conditions of employment therein shall continue in effect and the terms and conditions of employment therein shallcontinue as if the employees had not been so transferred. Nothing in this subsction shall be construed to confer upon any employee any right not held immediately before the date of said transfer, or to prohibit any reduction of salary grade, transfer, reassignment, suspension, discharge, layoff, or abolition of position not prohibited before such date.

All demands, notices, citations, writs, precepts, and all other notices given by the sheriff, deputies, jailers, superintendents, keepers, officers, assistants or other employees of a sheriff, as the case may be, before the effective date of this section shall be valid and effective for all purposes unless otherwise revoked, suspended, rescinded, canceled or terminated in accordance with law.

Any enforcement activity imposed by the sheriff, any deputies, jailers, superintendents, keepers, officers, assistants or other employees of the sheriff, before the effective date of this section shall be valid, effective and continuing in force according to the terms thereof for all purposes, unless superseded, revised, rescinded or canceled in accordance with law.

All petitions, hearings, appeals, suits, and other proceedings duly brought against, and all petitions, hearings, appeals, suits, prosecutions and other legal proceedings begun by the sheriff, deputies, jailers, superintendents, keepers, officers, assistants or other employees of the sheriff, as the case may be, which are pending immediately before the effective date of this section, shall continue unabated and remain in force notwithstanding the passage of this section.

All records maintained by the sheriff, deputies, jailers, superintendents, keepers, officers, assistants and other employees of the sheriff before the effective date of this section shall continue to enjoy the same status in any court or administrative proceeding, whether pending on the effective date of this section

or commenced thereafter, as they would have enjoyed in the absence of the passage of this section.

Employees of the Franklin County registry of deeds shall be transferred to the commonwealth under the office of the state secretary as of the effective date of this section. The rights of such transferred employees will be governed by the same laws and rules generally applicable to employees of the state secretary.

(O) In the case of employees of the Franklin County jail or house of correction in the custody and control of the sheriff of Franklin County, the employer, as defined in section one of chapter one hundred and fifty E of the General Laws, shall mean the sheriff of Franklin County or any individual who is designated to represent the sheriff and act in his interest in dealing with employees.

(P) Notwithstanding any general or special law to the contrary, the provisions of subsection (c) of section seven of said chapter one hundred and fifty E shall apply to the sheriff of Franklin County.

(Q) Employees of Franklin County who have retired or retire on or before June thirtieth, nineteen hundred and ninety-seven shall remain a part of the Franklin County retirement system and are subject to the health insurance plans, rules and regulations of the Franklin Council of Governments. The Franklin Council of Governments shall be a member of the Franklin County retirement system as successor to Franklin County. The powers, duties and responsibilities of Franklin County with respect to group health insurance under chapter thirty-two B of the General Laws are hereby transferred to the Franklin Council of Governments. The Franklin Council of Governments shall continue to provide health insurance coverage for covered employees transferred to the commonwealth by this section until October first, nineteen hundred ninety-seven. During the period employees continue to remain covered by the Franklin Council of Governments plan, employee payroll deductions and employer contributions shall be made by the commonwealth and paid over to the Franklin Council of Governments. The Franklin Council of Governments shall pay any necessary premiums in anticipation of reimbursement from the commonwealth. The contribution ratio effective during the transition period shall be the effective ratio for state employees.

(R) The Franklin Council of Governments is hereby established within the geographical boundaries of Franklin County. Any powers previously conferred upon the Franklin County and its county commissioners by chapter four hundred and twenty-five of the acts of nineteen hundred and sixty-three as amended shall be retained by the Franklin Council of Governments and the Franklin Council of Governments Committee. The Franklin Council of Governments Committee shall have all the powers and duties of county commissioners under chapters eighty-one to eighty-eight, inclusive, of the General Laws. The Franklin Council of Governments shall retain the powers and duties of counties under chapter 140 of the General Laws with respect to dogs and other animals.

Any and all regional planning activities or functions established for Franklin County pursuant to the provisions of chapter four hundred and twenty-five of the acts of nineteen hundred and sixty-three, and functions authorized for regional planning commissions by sections five, five A, five B, and fourteen of chapter

forty B of the General Laws, shall be the responsibility of the Franklin Council of Governments Committee.

The Council of Governments Committee as the executive body and the Regional Advisory Board as the legislative body shall have and may exercise any and all authority for regional planning as may be authorized by state law and shall be responsible for the establishment of policies to guide all regional planning and development activities of the Franklin Council of Governments.

The Franklin Regional Planning Board shall advise the Council of Governments Committee and Regional Advisory Board on all issues related to planning and shall make recommendations as appropriate.

The Franklin Council of Governments may apply for state, federal, or other entities' grant or other programs on such terms as apply to county governments.

(S) Notwithstanding any general or special law to the contrary, the county advisory board of Franklin County shall on July first, nineteen hundred and ninety-seven become known as the Franklin Regional Advisory Board. The advisory board shall consist of a member of the board of selectmen of each town. Each town shall have a weighted vote based on that town's assessment for expenses of the Council of Governments. Each town's weighted vote will be computed based on the most recent biennial report of the commissioner of revenue submitting the final equalization and apportionment upon the several towns of the amount of property and the proportion by every one thousand dollars of regional services assessment which should be assessed upon each town, and assessment ratios for classes of property in each town under section ten C of chapter fifty-eight of the General Laws. The advisory board shall be the legislative and appropriating authority of the Council of Governments, and shall each spring adopt a budget for the following fiscal year.

(T) The Franklin County planning board shall henceforth be known as the Franklin Regional Planning Board. The board shall continue to be comprised of one member of each town's board of selectmen and planning board, the Council of Governments Committee, and fifteen at-large members from the region selected by the membership pursuant to its bylaws. The regional planning board shall advise the Council of Governments Committee and regional advisory board regarding any regional planning issue and shall act according to its bylaws.

(U) Notwithstanding the provisions of any special or general law to the contrary, any political subdivision of the commonwealth may enter into agreement with the Franklin Council of Governments to perform jointly or for the other, or in cooperation with other entities, any service, activity or undertaking which such political subdivision is authorized by law to perform. For the term of such agreement and subject to the terms thereof, said Council of Governments shall be authorized to perform such service, activity or undertaking and the regional services area committee may designate appropriate representatives to oversee such performance, provided that the functions and duties of such representative or representatives are set forth in the agreement.

(V) Notwithstanding any special or general law to the contrary, for the fiscal year beginning July first, nineteen hundred and ninety-seven, and all subsequent fiscal years, the Franklin Council of Governments may impose a regional

assessment up to one hundred and two and one-half percent of the amount of the county tax assessed under the provisions of chapter thirty-five of the General Laws for the fiscal year beginning July first, nineteen hundred and ninety-six. The regional assessment, shall be allocated among the members of the Council of Governments in proportion to their respective equalized valuations as reported to the general court by the commissioner of revenue in accordance with section ten C of chapter fifty-eight of the General Laws. The regional assessment shall be based upon the budget adopted by the regional advisory board, net of estimated revenues. The regional assessment shall be retained by the Franklin Council of Governments and shall be used solely for the purpose of providing regional or municipal services or both, under the authority granted above. The commonwealth shall not assess the towns of Franklin County for the transfer of former County functions either directly, through a reduction in local aid, or by any other means.

During the period July first, nineteen hundred and ninety-seven through June thirtieth, nineteen hundred and ninety-nine, the regional assessment may be reduced or increased from the base year of nineteen hundred ninety-seven pursuant to the action of the Council of Governments Committee and Regional Advisory Board subject to the same formula and limits of the former county tax. After June thirtieth, nineteen hundred ninety-nine, this subsection may be revised pursuant to subsection (w).

(W) A Regional Charter Commission, comprised of the Franklin Council of Governments Committee or its statutory antecendent and one representative from each municipality appointed by the board of selectmen shall be constituted on or before October first, nineteen hundred and ninety-six, and shall report a recommended structure for the Council of Governments not later than December thirty-first, nineteen hundred and ninety-seven. Each member shall have one vote and proceedings shall be conducted pursuant to Roberts Rules of Order. Matters shall be determined by simple majority vote. Within sixty days of the first meeting of the Charter Commission, the Commission may vote to include other individuals or groups as members of the commission. Such proposal may include changes in the executive and representative bodies, changes in the assessment allocation formula, but not the total amount of the assessment, recommendations for further transfer of functions to the commonwealth, and other related operational rules and procedures. Such proposal shall be placed on the town meeting warrants of each town in the Franklin County region not later than June thirtieth, nineteen hundred ninety-eight. Such proposal shall make provision for the method of determining approval of the charter proposal, but such method of approval must require at least a majority vote of town meeting in a majority of the town or majority vote in county-wide election. Such proposal shall also include provisions for towns to enter or leave participation in the base assessment and shall include a default option to abolish the Council of Governments in event such charter proposal is not approved. Such charter shall take effect not later than July first, nineteen hundred ninety-eight.

(X) The secretary of administration and finance, in consultation with the Franklin Council of Governments Committee, may issue guidelines to govern the implementation of this section.

(Y) Notwithstanding the provisions of any general or special law, or rule or regulation to the contrary, for the fiscal year beginning July first, nineteen hundred and ninety-six, all net costs incurred by, or attributable to, the operations of the Franklin County jail, registry of deeds, and court facilities shall become obligations of the commonwealth, to the extent that they exceed net costs for the fiscal year beginning July first, nineteen hundred and ninety-five and are determined to be reasonable by the county government finance review board.