UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD RENKOWIC<br>　　　　　　Plaintiff,<br>v.<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS<br>SHERIFF FREDERICK MACDONALD,<br>SUPERINTENDENT BYRON,<br>DEPUTY SUPERINTENDENT SHEPARD<br>DEPUTY SUPERINTENDENT FRITZPATRICK,<br>CAPTAIN HILL, SARGEANT CINDY HAWKENS AND<br>SECRETARY DEFEO<br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 04-30202-MAP |

## ANSWER OF THE DEFENDANTS AND DEMAND FOR JURY TRIAL

Now comes the Defendants Sheriff Frederick Macdonald, Superintendent Byron, Deputy Superintendent Shepard, Deputy Superintendent Fritzpatrick, Captain Hill, Sargeant Cindy Hawkens and Secretary Defeo, (the "Defendants") in the above-entitled action and answer the Plaintiff's Complaint as follows:

1. The Defendants admit the allegations of paragraphs one through seven, inclusive, of the Plaintiff's Complaint.

2. The Defendants have insufficient knowledge or information to admit or deny the allegations of paragraph eight of the Complaint and therefore deny such allegations.

3. The Defendants have insufficient knowledge or information to admit or deny the allegations of paragraphs nine through 17, inclusive of the Complaint and therefore deny such allegations.

### AFFIRMATIVE DEFENSES
Further answering, the Commonwealth asserts the following affirmative defenses:

### First Affirmative Defense
The Plaintiffs have failed to state a claim upon which relief can be granted.

### Second Affirmative Defense
This court lacks jurisdiction over the subject matter of this action.

### Third Affirmative Defense
All conduct by the defendants was privileged, reasonable and necessary to effect a lawful

detention of the Plaintiff.

### Fourth Affirmative Defense
All conduct by the defendant was privileged, reasonable and necessary.

### Fifth Affirmative Defense
The Defendants answering herein are entitled to qualified immunity for their actions and conduct.

### Sixth Affirmative Defense
Any injuries sustained by the plaintiff resulted from a superseding and intervening cause for which the Commonwealth is not legally responsible.

### Seventh Affirmative Defense
The alleged actions of the Defendants were neither the proximate nor actual cause of the injuries or damages of which the plaintiff complains, if actually incurred.

### Eighth Affirmative Defense
If the plaintiff incurred the injuries or damages complained of, such injuries or damages were caused in whole or in part by the actions of third parties, the conduct for which the Commonwealth or it agencies or employees are not liable.

### Ninth Affirmative Defense
The Plaintiffs have failed to file this action within the time provided by statute for filing such actions.

### Tenth Affirmative Defense
There were no "threats, intimidation, or coercion."

### Eleventh Affirmative Defense
The claims are barred by res judicata and collateral estoppel.

### Other Affirmative Defenses
The Defendants hereby give notice that they intend to rely upon such other and further defenses which may become available or apparent during discovery proceedings in this case and reserves the right to amend its answer to assert such defenses.

## THE DEFENDANTS REQUEST A JURY TRIAL

Respectfully submitted,
The Defendants
By Their Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
William P. O'Neill  BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

## CERTIFICATE OF SERVICE

I, William P. O'Neill, hereby certify that on _January 14, 2005, I served a copy of the foregoing **ANSWER OF THE DEFENDANTS AND DEMAND FOR JURY TRIAL** by First-Class Mail, postage prepaid upon plaintiff pro se: Donald Renkowic, 205 Rocky Hill Road, Northampton, Massachusetts 01061.

_____
William P. O'Neill
Assistant Attorney General