UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD RENKOWIC<br>                Plaintiff,<br>v.<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS<br>SHERIFF FREDERICK MACDONALD,<br>SUPERINTENDENT BYRON,<br>DEPUTY SUPERINTENDENT SHEPARD<br>DEPUTY SUPERINTENDENT FRITZPATRICK,<br>CAPTAIN HILL, SARGEANT CINDY HAWKENS AND<br>SECRETARY DEFEO<br>                Defendants. | CIVIL ACTION<br>NO. 04-30202-MAP |

## THE DEFENDANT FRANKLIN COUNTY JAIL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

Pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendant Franklin County Jail moves this Court to dismiss the above-entitled action for failure to state a claim upon which relief can be granted.

### FACTUAL BACKGROUND

This case involves the Plaintiff's allegations of unconstitutional conditions of confinement at the Franklin County Jail.

### ISSUE

The Eleventh Amendment of the United States Constitution bars a suit in federal court against a state or its agencies.

### ARGUMENT

It is well settled that the Eleventh Amendment to the United States Constitution bars a suit

in federal court against a state or its agencies. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam); *Ad Hoc Committee on Judicial Administration v. Massachusetts*, 488 F.2d 1241, 1243 n.2 (1st Cir. 1973), cert. denied, 416 U.S. 986 (1974). The immunity applies also to any entity that is an "arm of the state." *Wojick v. Massachusetts State Lottery Commission*, 300 F.3d 92, 99 (1st Cir. 2002). This bar applies regardless of whether money damages or injunctive relief is sought. *Pennhurst*, 465 U.S. at 100 (Eleventh Amendment proscribes suit against state agencies "regardless of the nature of the relief sought"); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam). As the First Circuit Court of Appeals has concluded, state agencies such as the Franklin County Jail are an "arm of the state" entitled to immunity under the Eleventh Amendment. *Wojick*, 300 F.3d at 100 ("Viewed in their totality, the relevant factors clearly point in the direction of recognizing the Lottery Commission as an 'arm of the state' entitled to immunity under the Eleventh Amendment.").

There are only two conditions under which the Franklin County Jail would not have Eleventh Amendment immunity: congressional abrogation and waiver. Neither has occurred in this case. A state may consent to be sued in federal court, but such a waiver must be unequivocal and will not be inferred. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (waiver of Eleventh Amendment immunity must be based upon "most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction") (internal quotation marks omitted). Nothing indicates that the Commonwealth of Massachusetts or the Franklin County Jail has waived its Eleventh Amendment immunity. In addition, there can be no relief for any claim that the Franklin County Jail has not complied with state law: "[I]t is difficult to think of a greater

intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst,* 465 U.S. at 106.

The Plaintiff has failed to state a claim upon which relief can be granted since the Franklin County Jail cannot be sued in federal court under these circumstances.

## CONCLUSION

As the Commonwealth of Massachusetts or the Franklin County Jail has not consented to suit in federal court, the Plaintiff's requests for injunctive relief declaring the conditions at the Franklin County Jail unconstitutional are barred by the Eleventh Amendment.

Respectfully submitted,

Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill  BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244