UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD RENKOWIC, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-30202-MAP |
| | ) | |
| | ) | |
| FRANKLIN COUNTY JAIL, et al., | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTION TO DISMISS (Document No. 16)
April 27, 2005

NEIMAN, U.S.M.J.

Donald Renkowic ("Plaintiff"), proceeding *pro se*, brings this action against the Franklin County Jail, where he was a former inmate, as well as four of the jail's administrators (collectively "Defendants"). Defendants' motion to dismiss has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court will recommend that the motion be allowed.[1]

I. BACKGROUND

Plaintiff alleges that Defendants are responsible "for violations against me while I was incarcerated at the Franklin County House of Correction and Jail." (Complaint, Exhibit.) "Such violations," Plaintiff alleges, "consist of unsanitary living conditions, health care, medical treatment, grievance procedures, disciplinary procedures, the

_____

[1] The only other defendant, Franklin County, was dismissed on December 16, 2004. (See Document No. 11.) Three other individuals, a "Captain Hill," a "Sargent Cindy Hawkins," and a "Secretary Ms. DeFeo," are listed as "defendants" in Plaintiff's opposition, but they are not named in the complaint and have not been served.

taking of court documents, from my possession, personal property, and any other requirements that I am entitled to." (*Id.*)  Plaintiff seeks "damages and such other relief as this court deems just" pursuant to 42 U.S.C. § 1983.  (Complaint at 10.)

## II.  STANDARD OF REVIEW

A motion to dismiss should be granted when a review of the complaint shows that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See* Fed. R. Civ. P. 12(b)(6); *Wagner v. Devine*, 122 F.3d 53, 55 (1st Cir. 1997).  The court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff.  *See Albright v. Oliver*, 510 U.S. 266, 268 (1994).  If a plaintiff's claims do not establish recognized legal theories for which relief may be granted, then the court must dismiss the complaint.  *See Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988).

To be sure, a plaintiff's *pro se* allegations are entitled to a liberal construction no matter how inartfully pleaded.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nevertheless, dismissal is appropriate whenever a plaintiff cannot prove any set of facts entitling him to relief under the claims he alleges.  *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## III.  DISCUSSION

Defendants argue that, insofar as Plaintiff's suit is brought against a Massachusetts institution and its administrators in their official capacities, it is barred under the eleventh amendment to the United States Constitution, which proscribes damage suits against states without their consent.  *See Florida Prepaid Postsecondary*

2

*Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 634 (1999); *Hans v. Louisiana*,

134 U.S. 1, 20 (1890).  The court agrees.

If an agency or department of a state has been named in the complaint, and has

not consented to be sued for damages, it must be dismissed from the action.  *See*

*Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982).   Recently,

the First Circuit succinctly summarized these eleventh amendment principles, including

an exception potentially applicable here:

> As a general matter the several states are immune under
> the Eleventh Amendment from private suit in the federal
> courts, absent their consent.  Among the exceptions to this
> rule is the doctrine of *Ex parte Young*, 209 U.S. 123 (1908),
> which allows a plaintiff to enforce a claim of federal right by
> obtaining injunctive or declaratory relief against a state
> officer in the officer's official capacity.  In *Edelman v.
> Jordan*, 415 U.S. 651 (1974), the Supreme Court explained
> that the purpose of this exception is to prevent continuing
> violations of federal law, but not to remedy past violations.
> Therefore, an *Ex parte Young* plaintiff may obtain
> prospective, but not retrospective, relief.  *See id.* at 664-65;
> *see also Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 294
> (1997) (O'Connor, J., concurring in part and concurring in
> the judgment) ("[A] Young suit is available where a plaintiff
> alleges an ongoing violation of federal law, and where the
> relief sought is prospective rather than retrospective."); *id.* at
> 298 (Souter, J., dissenting) (observing that, given the
> disposition of the Justices in that case, "Justice O'Connor's
> view is the controlling one").

*Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002) (footnote omitted).

Perhaps seeking to invoke *Ex parte Young*, the complaint mentions, in addition

to Plaintiff's request for monetary damages, a need for Defendants to take immediate

action "to remedy these unlawful conditions," for example, by "having secondary fire

3

exits, fire hoses, evacuation signs and exit signs."  (Complaint at 9.)  However, as Plaintiff is no longer in custody of the Franklin County Jail but rather, according to his own submission, residing either in Greenfield, Northampton or Florence, Massachusetts (see *id.* and Document Nos. 21, 23), such injunctive relief, even if otherwise appropriate, is unavailable via this action.  *See Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991) (holding that former inmate's action against prison officials was moot because he no longer resided at the prison).

As to his claim for compensatory damages, Plaintiff has not included -- either in his response to Defendants' motion or anywhere else -- any evidence that Massachusetts, through the jail or its administrators, has consented to be sued in this manner.  This, of course, falls far short of fulfilling his "burden of showing a waiver of sovereign immunity."  *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (as described by the First Circuit in *Hanley v. United States*, 1994 WL 723678, at *2 (1st Cir. 1994) (unreported)).  In sum, insofar as the complaint targets the administrators as the officials responsible for the Franklin County Jail or the jail itself, it is barred by the eleventh amendment.

Finally, Plaintiff does not allege that the administrators were individually involved in any decision regarding his care or treatment or, indeed, had any personal knowledge of the facts about which he now complains.  Thus, insofar as the complaint might somehow be construed to raise a claim against them in their individual capacities, they are entitled to dismissal.  *See Estelle v. Gamble*, 429 U.S. 97, 104-105, (1976); *DesRosiers v. Moran,* 949 F.2d 15, 18 (1st Cir. 1991).

4

IV.  CONCLUSION

For the reasons stated, the court recommends that Defendants' motion to

dismiss be ALLOWED and, since no other defendants remain (see n.1), that the case

be closed.[2]

DATED: April 27, 2005

                                        _/s/ Kenneth P. Neiman_____
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge

---

[2]  The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.